**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-50626
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

YOLANDA TREJO-ARCHULETA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3140-ALL

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Mexican national Yolanda Trejo-Archuleta (Trejo) appeals the 48-month sentence she received following her guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Trejo argues that the district court erred in denying her motion for a downward departure, pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5K2.12, renewing her contention that she illegally entered the United States because she feared for her life if she stayed in Mexico.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court lacks jurisdiction to review the denial of a downward departure motion made pursuant to U.S.S.G. § 5K2.12 unless the district court held a mistaken belief that it lacked authority to depart. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008). This jurisdictional bar applies even when the district court summarily denies the request for a downward departure without further explanation or implicitly denies the request by imposing a guidelines sentence. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006).

Trejo does not argue, and the record does not indicate, that the district court in this case mistakenly believed that it was not authorized to grant the motion. To the contrary, the district court entertained the motion on the merits but implicitly rejected it when it imposed a guidelines sentence. Consequently, this court lacks jurisdiction to review the denial of the motion. *See Lucas*, 516 F.3d at 350-51; *United States v. Buck*, 324 F.3d 786, 797-98 (5th Cir. 2003).

DISMISSED.